UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVON ANNETTE SEAWOOD,<br><br>  Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No.: 19-CV-555-LAB(WVG)<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[Doc. No. 3.]** |

Seawood seeks leave to proceed in forma pauperis. (Doc. No. 3.) The Court reviews the complaint under 28 U.S.C. § 1915(e) as is required when a plaintiff files a motion to proceed in forma pauperis. The Court RECOMMENDS a finding that Seawood's complaint does not sufficiently state a claim for relief. Thus, the Court RECOMMENDS that Seawood's IFP motion be DENIED without prejudice and that the Complaint be DISMISSED WITH LEAVE TO AMEND.

/ / /

/ / /

/ / /

/ / /

## I. MOTION FOR IFP

Seawood moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. CivLR 3.2.a.

Seawood receives $306.00 in public assistance, $199.00 from food stamps, and $0 from employment. (Doc. No. 3 at 2.) Plaintiff also has not been employed within the past two years. (*Id.*) Based on this information, the Court should find that Seawood has sufficiently shown an inability to pay the filing fee. However, the Court should DENY the motion for failure to state a claim.

## II. SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.") The Court must dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

Social security appeals are not exempt from the § 1915(e) screening requirement. *Hoagland v. Astrue*, No. 12CV973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28,

2012); *see also Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints."). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. "A complaint merely stating that the Commissioner's decision was wrong is plainly insufficient to satisfy a plaintiff's pleading requirement." *Schwei v. Colvin*, No. 15CV1086-JCM-NJK, 2015 WL 3630961, at *2 (D. Nev. June 9, 2015). Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2 (collecting cases) (emphasis added).

Based on this Court's review of the Complaint, the Court finds Seawood has failed to state facts sufficient to state a claim. Seawood has failed to state any specific reasons why the ALJ erred. (*See* Doc. No. 1 at 2-3.) As Plaintiff's counsel's law firm has done in other cases, the complaint generically alleges that "[t]here is no substantial medical or vocational evidence" to support the ALJ's conclusions; "[t]here is no substantial evidence . . . to support the Commissioner's finding that plaintiff could perform any substantial gainful activity;" and that the evidence can only support a finding of disability.[1] (*Id*.) Seawood made no attempt to state how the ALJ's decision was erroneous. Rather, the complaint conclusively states so. Moreover, Seawood alleges "[n]ew and material evidence for which good cause exists for failure to submit earlier exists." (*Id.* ¶ 9(d).) Yet, Plaintiff fails to elaborate what specific "new and material evidence" it refers to. Thus, Seawood's allegations are so generic and vague that Plaintiff has neither stated specific claims nor provided sufficient facts to allow Defendant to form the basis of a defense.

/ / /

/ / /

---

[1] This generic form complaint is identical to the complaints filed in *Copenhaver v. Berryhill*, S.D. Cal. No. 18CV790-AJB(MDD), *Maye v. Berryhill*, No. 19CV110-AJB(WVG), and *Pimentel v. Berryhill*, S.D. Cal. No. 19CV112-AJB(WVG). The Court denied the initial IFP motion in those cases as well.

### III. CONCLUSION

This Court RECOMMENDS that Seawood's motion to proceed IFP be DENIED without prejudice and that the Complaint be DISMISSED WITH LEAVE TO AMEND.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

IT IS ORDERED that no later than **May 7, 2019**, any party to this action may file written objection with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation." The parties are advised that failure to file objections within the specific time may waive to raise those objections on the appeal.

**IT IS SO ORDERED.**

DATED: April 23, 2019

Hon. William V. Gallo
United States Magistrate Judge